46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nancy HOLLAND, Plaintiff-Appellant
v.
EVENFLO CORPORATION, a foreign corp., d/b/a Evenflo Juvenile
Co., a foreign corp.; and Spalding and Evenflo
Companies, a foreign corp., Defendants-Appellees.
 No. 93-36073.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1995.
Decided Feb. 7, 1995.
 
 1
 Before: ALARCON, BRUNETTI, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff Nancy Holland appeals from the district court's order granting summary judgment to the defendant, Evenflo Corporation.
 
 
 4
 Holland filed a products liability action against Evenflo, alleging construction or design defect of a child's car seat. The district court granted summary judgment to Evenflo on the grounds that Holland failed to produce evidence to create a triable issue of fact that (1) the car seat was not reasonably safe in construction or design; and (2) the defective car seat was a proximate cause of plaintiff's injuries.
 
 
 5
 We affirm the district court's decision on the grounds that Holland failed to come forth with evidence to establish a triable issue of fact that the car seat was defective in construction or design.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 6
 Holland sued for injuries she sustained stemming from an incident involving the use of a child's car seat. Holland left her eighteen-month old son in her truck while she returned inside her home to retrieve a forgotten object. The child somehow got loose from the car seat, pulled the gear shift on the truck, and put the truck in motion. When Holland exited her home, she noticed the vehicle moving backwards down her driveway and into the street. She grabbed on to the driver's side door handle in an unsuccessful effort to get into the vehicle to stop it. Instead, she was pinned against another vehicle after the truck came to a halt. She suffered injuries for which she seeks recovery.
 
 
 7
 In defense of Evenflo's motion for summary judgment, Holland submitted an affidavit declaring that she had used the car seat properly and secured the child into the car seat according to manufacturer instructions. Holland offered medical expert testimony concerning her injuries. She produced no expert testimony regarding product defect. She alleged, however, that since the child was able to break loose from the car seat, the child's car seat must have been defective in some way.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 8
 We review summary judgment de novo. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991).
 
 
 9
 An order granting summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). The party opposing summary judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).
 
 
 10
 Moreover, to defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any disputed elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 II. ANALYSIS
 
 11
 Under Washington strict liability law, the plaintiff has the burden of proving (1) a defect, either in design or manufacturing, which existed when the product left the manufacturer's control; (2) that defendant manufactured the product; (3) the plaintiff was injured; (4) that the unsafe condition of the product was a proximate cause of the plaintiff's injury. Wash.Rev.Code Sec. 7.72.030(1) (1988).
 
 
 12
 Washington courts use either a risk/utility analysis or a consumer expectation analysis. Falk v. Keene Corp., 113 Wash.2d, 645, 654-55 (1989); see Wash.Rev.Code Secs. 7.72.030(1), 7.72.030(3). Holland relies on each in the alternative.
 
 A. Risk/Utility Analysis
 
 13
 Under the risk/utility analysis, the plaintiff must prove that at the time of manufacture, the likelihood that the product would cause such serious harms to the plaintiff outweighed the manufacturer's burden to design a product that would have prevented those harms, and that such design would have been feasible. Falk v. Keene Corp., 113 Wash.2d 645, 654 (1989); see Crittenden v. Fibreboard Corp., 58 Wash.App. 649, 658 (1990).
 
 
 14
 Holland contends only that the risk of injury to a child and to other persons involved with insuring the child's safety outweighs any conceivable inconvenience to the manufacturer in designing or manufacturing the child restraint system. She points to no facts showing that it is likely that a plaintiff would be injured in such a manner, that any other design or construction would have prevented such harms, or that such other products were feasible. Moreover, she provides no evidence in support of any specific defects in design or construction.
 
 B. Consumer Expectation Analysis
 
 15
 Under the consumer expectation approach, recovery is allowed if the jury determines that the product is dangerous to an extent beyond that contemplated by the ordinary consumer. Lenhardt v. Ford Motor Co., 102 Wash.2d 208, 211-12 (1984). If something in the design fails to meet that expectation, the design is defective. Id. at 212, 693 P.2d at 1099.
 
 
 16
 Circumstantial evidence may be used to infer that a product was not reasonably safe in construction or design. Bich v. General Elec. Co., 27 Wash.App. 25, 30, 614 P.2d 1323 (1980). The mere fact of an accident is generally not enough to prove a defect, unless common experience dictates that a particular accident would not occur absent a defect in the product. See Bombardi v. Pochel's Appliance & TV Co., 10 Wash.App. 243, 246; see also Bich v. General Elec. Co., 27 Wash.App. 25, 614 P.2d 1323 (1980).
 
 
 17
 The evidence indicates that the product involved in the instant case is in substantially the same condition as it was following the accident. Holland and her attorney have been in possession of the car seat since the inception of the litigation. Yet Holland came forward with no specific claims or demonstration of defect, nor has she produced expert testimony to that effect.
 
 
 18
 Holland contends that child's ability to break loose from the car seat, when it was securely fastened, is a clear indication that the seat's structure failed. Holland submitted an affidavit declaring that she "followed all instructions applicable to the seat." The district court held that the circumstantial evidence, consisting of the fact of the accident and Holland's affidavit, did not suffice to create a triable issue of fact as to whether the car seat was defective either in design or construction. We agree.
 
 
 19
 In the alternative, Holland claims that product is defective in design for failing to warn consumers that a child could break loose from a car seat and therefore should not be left unattended. We hold also that the evidence Holland submitted was insufficient to show a failure to warn such as to create a triable issue of fact as to whether the product was defective.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3